IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DYLAN WEISMAN, et al.**, | **CIVIL ACTION** |
| Plaintiffs, | |
| v. | **NO. 25-1885-KSM** |
| **LIBERTY MUTUAL INSURANCE**, | |
| Defendant. | |

**MEMORANDUM**

**MARSTON, J.**                                                                                                                       **June 27, 2025**

Plaintiffs Dylan and Zehavit Weisman bring this action against Defendant Liberty Mutual Personal Insurance Company, incorrectly identified as Liberty Mutual Insurance, to recover the full amount allegedly due under their homeowners' insurance policy for property damage caused by Hurricane Ida. (Doc. No. 1-1.) Plaintiffs bring claims for a violation of Pennsylvania's Unfair Insurance Practices Act ("UIPA"), breach of contract, and negligence. (*Id.*) Defendant now moves to dismiss Plaintiffs' UIPA and negligence claims under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 12; *see* Doc. No. 14.) Plaintiffs oppose the motion. (Doc. No. 13.) For the reasons below, the Court grants Defendant's motion.[1]

---

[1] The Court resolves this motion on the papers. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); L. Civ. R. 7.1(f) ("Any interested party may request oral argument on a motion. The court may dispose of a motion without oral argument.").

I.      **Factual Background & Procedural History**

Accepting the allegations in the Complaint as true, the relevant facts are as follows.[2] Plaintiffs maintain a homeowners' insurance policy issued by Defendant that provides certain coverage for their property at 1500 Sugar Bottom Road, Buckingham, PA. (Doc. No. 1-1 ¶¶ 1–2.) In September 2021, Plaintiffs submitted a claim to Defendant seeking coverage for damage to their property caused by Hurricane Ida. (*Id.* ¶¶ 3–4.) In November 2021, Defendant approved coverage in part and paid out approximately half of the amount that Plaintiffs had requested for an emergency cleanup of their property. (*Id.* ¶¶ 5–6.)

Beginning in February 2022, Plaintiffs sought coverage from Defendant for additional restoration work to the property's exterior walls, drywall, and insulation, which Plaintiffs allege was necessary to fully repair the water damage to their property. (*Id.* ¶¶ 7–21.) This work required certain upgrades to comply with the applicable building codes, including the installation of fire suppression sprinklers. (*Id.* ¶¶ 12, 22.) Buckingham Township's Director of Building and Codes offered to provide Defendant with any necessary information on these building code requirements. (*Id.* ¶ 12.) And when Defendant eventually conferred with the Director about the building code requirements, Defendant allegedly "misrepresented [Plaintiffs'] property damage

---

[2] "The District Court, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [i]s required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]." *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

Plaintiffs also attach several exhibits to their Complaint. (Doc. No. 1-1 at 12–43.) Though the Court may consider these as documents "explicitly relied upon in the complaint," the Court need not do so to resolve the instant motion. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." (internal citation and quotations omitted)).

2

facts" in order to avoid concluding that the building code upgrades were necessary to repair the property damage and thus warranted coverage. (*Id.* ¶¶ 13, 16, 20.)

After failing to "reasonably investigate" the relevant building code requirements and promptly respond to repeated outreach from Plaintiffs and their contractor regarding Plaintiffs' supplemental claim, Defendant ultimately declined to cover the additional repair costs, including the purportedly necessary building code upgrades, in June 2023. (*Id.* ¶¶ 7–10, 13–14.)

Based on Defendant's allegedly insufficient handling and payment of their insurance claims, Plaintiffs filed this action in the Court of Common Pleas of Bucks County. (Doc. No. 1-1.) Defendant timely removed the case to this Court pursuant to 28 U.S.C. §§ 1332(a) and 1446(b). (Doc. No. 1.) Defendant filed its instant partial motion to dismiss on May 14, 2025. (Doc. No. 12; *see* Doc. No. 14.) Plaintiffs oppose the motion.[3] (Doc. No. 13.)

## II.    Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The

---

[3] As Defendant points out, Plaintiffs—without any explanation—filed their response five days after the deadline imposed by Local Civil Rule 7.1(c) and only after this Court inquired about Plaintiffs' failure to file a timely response. (*See* Doc. No. 14 at 1.) But Defendant has not moved to strike Plaintiffs' response to its motion on this basis. Rather, Defendant cites Plaintiffs' untimely response as a reason warranting partial dismissal of Plaintiffs' Complaint. (*See id.*) Local Rule 7.1(c) "does not entitle [Defendant] to have [its] motion granted solely because [Plaintiffs] filed an untimely response." *United States v. Young*, 421 F. App'x 229, 231 (3d Cir. 2011) (noting that Local Rule 7.1(c) states, "[i]n the absence of timely response the [relevant] motion *may* be granted as uncontested"). Accordingly, while the Court does not condone Plaintiffs' seemingly inexcusable delay in filing their opposition brief, the Court may nevertheless consider it. The Court warns Plaintiffs that any future failures to comply with the deadlines in this action, without an advance request for extension of time, will not be tolerated.

plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). And a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009). Although the Court must accept as true the allegations in the complaint and all reasonable inferences therefrom, *Phillips*, 515 F.3d at 228, the Court is not "compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation," *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (internal quotation omitted).

### III.   Discussion

Defendant moves to dismiss with prejudice Plaintiffs' claims for a violation of the UIPA (Count I) and negligence (Count III). (Doc. No. 12.) Defendant contends that Plaintiffs cannot assert a UIPA claim because the UIPA does not provide a private right of action, and the "gist of the action" doctrine bars Plaintiffs' negligence claim. (*Id.*) The Court agrees.

#### A.   Count I:  UIPA Claim

In a six-paragraph count containing—according to Defendant—"mere conclusory" allegations, Plaintiffs claim that Defendant violated the UIPA. (*See* Doc. No. 1-1 ¶¶ 23–28.) Defendant seeks dismissal of this claim on the ground that there is no private right of action under the UIPA. (Doc. No. 12 at 10–11.) Defendant is correct that "there is no private right of action under the UIPA, which can only be enforced by the state insurance commissioner." *Leach*

*v. Nw. Mut. Ins. Co.*, 262 F. App'x 455, 459 (3d Cir. 2008); *see, e.g.*, *Martin v. Liberty Mut. Ins. Co.*, No. 21-cv-4360, 2022 WL 580562, at *2 (E.D. Pa. Feb. 25, 2022) (dismissing UIPA claim because the UIPA "does not create a private cause of action"); *Clapps v. State Farm Ins. Cos.*, 447 F. Supp. 3d 293, 302–03 (E.D. Pa. 2020) ("The applicable case law makes it clear" that the UIPA does not "create a private cause of action for citizens, as [it] may only be enforced by the Insurance Commissioner of Pennsylvania." (internal quotation omitted) (cleaned up)).

Indeed, Plaintiffs do not argue otherwise. (*See* Doc. No. 13 at 5–7.) Rather, they seem to argue that an insurer's actions that give rise to liability under the UIPA may also form the basis for a private cause of action under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). (*See id.*) While that is true, *see Pekular v. Eich*, 513 A.2d 427, 434 (Pa. Super. Ct. 1986), Plaintiffs have not asserted a claim under the UTPCPL in their Complaint. And they cannot introduce a UTPCPL claim against Defendant in their opposition to Defendant's motion to dismiss. *See Com. of. Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). The Court thus Court dismisses Plaintiffs' UIPA claim with prejudice.[4]

### B.     Count III:  *Negligence Claim*

Plaintiffs allege that Defendant "was negligent in [its] actions" following Plaintiffs' submission of insurance claims for water damage, specifically with respect to Defendant's investigation into the necessity of the building code upgrades included in the repairs to Plaintiffs' property for which they sought coverage. (Doc. No. 1-1 ¶¶ 35–40.) Defendant argues that Plaintiffs' negligence claim is barred by the "gist of the action" doctrine (Doc. No. 12 at 11–12;

---

[4] The Court declines to consider any UTPCPL claim that Plaintiffs seek to assert for the first time in their opposition brief.

5

Doc. No. 14 at 2–3), which "prevents a purely contractual duty from serving as the basis for a tort claim," *SodexoMAGIC, LLC v. Drexel Univ.*, 24 F.4th 183, 216 (3d Cir. 2022).

The gist of the action doctrine "provides that an alleged tort claim against a party to a contract, based on the party's actions undertaken in the course of carrying out a contractual agreement, is barred when the gist or gravamen of the cause of action stated in the complaint, although sounding in tort, is, in actuality, a claim against the party for breach of its contractual obligations." *Bruno v. Erie Ins. Co.*, 106 A.3d 48, 53 (Pa. 2014). "[T]he critical determinative factor in determining whether the claim is truly one in tort, or for breach of contract" is "the nature of the duty alleged to have been breached." *Id.* at 68. "If the facts of a particular claim establish that the duty breached is one created by the parties by the terms of their contract—i.e., a specific promise to do something that a party would not ordinarily have been obligated to do but for the existence of the contract—then the claim is to be viewed as one for breach of contract." *Id.*; *see SodexoMAGIC, LLC*, 24 F.4th at 216. "If, however, the facts establish that the claim involves the defendant's violation of a broader social duty owed to all individuals, which is imposed by the law of torts and, hence, exists regardless of the contract, then it must be regarded as a tort." *Bruno*, 106 A.3d at 68; *see SodexoMAGIC, LLC*, 24 F.4th at 216. In short, "to determine whether an action is barred by the gist of the action doctrine, we must examine the factual allegations and ask, "what's this case really about?" *Downs v. Andrews*, 639 F. App'x 816, 819 (3d Cir. 2016) (quoting *Pediatrix Screening, Inc. v. TeleChem Int'l, Inc.*, 602 F.3d 541, 550 (3d Cir. 2010)) (cleaned up).

Plaintiffs seem to concede the gist of the action doctrine bars their negligence claim: "Under the framework clarified by *Bruno*, the 'gist of the action' doctrine would likely apply to bar the negligence claim against Liberty Mutual. The claim is about bad faith handling of the

6

policy rooted in the contractual agreement, not a duty imposed by law." (Doc. No. 13 at 10.) Nevertheless, they argue that their negligence claim should not be dismissed because "[t]here is conflicting Pennsylvania case law as it pertains to negligence claims in this context." (*Id.* at 10–11.)

Plaintiffs' assertion that there is "conflicting Pennsylvania case law" on the gist of the action doctrine is belied by the only case that they cite, *Bruno v. Erie Insurance Co.*, 106 A.3d 48 (Pa. 2014)—the seminal Pennsylvania Supreme Court case articulating the doctrine that has since been consistently applied. *See, e.g.*, *SodexoMAGIC, LLC*, 24 F.4th at 216–17 (holding that the gist of the action doctrine does not bar plaintiff's fraudulent inducement claim premised on defendant's alleged misrepresentations made during pre-contract negotiations, since "without a binding contract, any duty [defendant] owed [plaintiff] during negotiations was grounded only in tort"); *Battle Born Munitions Inc. v. Dicks Sporting Goods Inc.*, No. 22-1005, 2023 WL 4758449, at *4 (3d Cir. July 26, 2023) (concluding that claims for fraud in the inducement to contract and negligent misrepresentation are barred by the gist of the action doctrine, since the contract was executed before the allegedly fraudulent misrepresentations, which could not have retroactively induced plaintiff to enter into the contract); *Downs*, 639 F. App'x at 819–21 (affirming dismissal of complaint alleging common law fraud and conspiracy in the commission of fraud based on the gist of the action doctrine after finding that the district court "appropriately focused on the nature of the duty alleged to be breached" and correctly determined it was "a failure to perform under the contract").

Plaintiffs' negligence claim is premised on Defendant's failure to comply with its obligation to investigate Plaintiffs' property damage claims for purposes of determining whether and to what extent to cover those claims pursuant to the parties' insurance agreement. (*See* Doc.

7

No. 13 at 10–11; Doc. No. 1-1 ¶¶ 35–38.)  Consequently, as Plaintiffs acknowledge, this claim concerns Defendant's breach of a duty "rooted in the contractual agreement" and is thus barred by the gist of the action doctrine.  (*See* Doc. No. 13 at 10.)  *See Bruno*, 106 A.3d at 68, 71 (holding that the gist of the action doctrine did not apply to plaintiff's negligence claim that was not based on defendant's alleged failure to meet its contractual obligations under its insurance policy with plaintiffs "to investigate whether mold was present, and also to pay for all property damage caused by mold," but rather, was premised on allegations that defendant, "during the course of fulfilling these obligations . . . , acted in a negligent manner by making false assurances regarding the toxicity of the mold and affirmatively recommending to [plaintiffs] that they continue their renovation efforts, which caused them to suffer physical harm").  On this basis, the Court dismisses Plaintiffs' negligence claim with prejudice.

**IV.    Conclusion**

For the foregoing reasons, the Court grants Defendant's motion to dismiss and dismisses Plaintiffs' UIPA and negligence claims with prejudice.  An appropriate Order follows.